UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEBRA L. SWEET,

                Plaintiff,

   -vs-                           **No. 1:15-CV-00866 (MAT)**
                                      **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Debra L. Sweet ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Acting Commissioner of Social Security[1] (the "Commissioner" or "Defendant") denying her application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. Procedural History

Plaintiff protectively filed an application for SSI on April 30, 2012, alleging disability as of December 15, 2007 due to lower back problems, knee problems, and post-traumatic stress disorder ("PTSD"). Administrative Transcript ("T.") 141-46, 152-56. Plaintiff's application was initially denied. T. 92-94. At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Eric Glazer on January 8, 2014. T. 35-76. On May 5, 2014, the ALJ issued a decision in which he found that Plaintiff was not disabled as defined in the Act. T. 17-30. On July 28, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's determination the Commissioner's final decision. T. 1-5. Plaintiff then timely commenced this action.

## III. The ALJ's Decision

At step one of the five-step sequential evaluation, *see* 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 30, 2012, the date of her application. T. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of arthritis of the spine and knees and major depressive disorder and the non-severe impairments of obesity, PTSD, obsessive-compulsive disorder ("OCD"), and dissociative disorder. T. 19-20. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the

2

severity of any listed impairment. T. 20. The ALJ particularly considered Listings 1.02, 1.04, and 12.04 in reaching this determination. T. 20-21.

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c), with the additional limitation that she could frequently understand, remember, and carry out detailed tasks with no fast-paced production work. T. 22. At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a telemarketer. T. 30. Accordingly, the ALJ found Plaintiff not disabled. *Id.*

## IV. Discussion

### A. Scope of Review

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation

omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Here, Plaintiff makes the following arguments in support of her motion for judgment on the pleadings: (1) the ALJ erred in failing to acknowledge and evaluate the opinion of Dr. Asra Rana; (2) the ALJ erred at step two by finding Plaintiff's PTSD, OCD, and obesity to be non-severe impairments; (3) the ALJ improperly assessed the opinion of treating nurse practitioner ("NP") Susan Gunn; (4) the ALJ's finding that Plaintiff's work as a telemarketer constituted past relevant work is unsupported by substantial evidence, as is his conclusion that Plaintiff was capable of performing it; and (5) the ALJ's conclusion that Plaintiff was capable of the full range of medium work is unsupported by substantial evidence. For the reasons set forth below, the Court finds that remand of this matter for further administrative proceedings is necessary.

**B.    The ALJ Erred in Failing to Consider Dr. Rana's Opinion**

On June 10, 2013, Dr. Rana completed an employability assessment, disability screening, and alcoholism/drug addiction determination related to Plaintiff. T. 349-51. Dr. Rana stated

4

that Plaintiff has osteoarthritis and hyperlipidemia. T. 349. She opined that Plaintiff had moderate limitations in her abilities to walk, stand, sit, lift, carry, push, pull, bend, see, hear, speak, use her hands, and climb. T. 350. Dr. Rana specifically opined that Plaintiff's morbid obesity and severe osteoarthritis would limit her ability to engage in work activities and Plaintiff's functional status was poor. T. 351. In his decision, the ALJ did not reference or discuss Dr. Rana's opinion.

As a threshold matter, the Court notes that while the Commissioner refers to Dr. Rana as a "one-time examining physician" (Docket No. 16-1 at 3), Dr. Rana stated in her assessment that Plaintiff had been her patient for 20 months. T. 351. Moreover, the record contains treatment notes from a visit Plaintiff had with Dr. Rana on December 23, 2013 (T. 334), and Dr. Rana is referred to as Plaintiff's "Clinic Primary Care Provider" in multiple places in the record (*see, e.g.,* T. 334, 338). It therefore appears from the record that Dr. Rana was in fact one of Plaintiff's treating physicians.

The Commissioner's regulations require an ALJ to "explain the weight given to each source" and "[f]ailure to do so is grounds for remand." *Silberman v. Astrue*, 2009 WL 2902576, at *10 (S.D.N.Y. Aug. 14, 2009); *see also Kohler v. Astrue*, 546 F.3d 260, 269 (2d Cir. 2008) (remand is necessary where the Court cannot discern whether the ALJ considered all the relevant evidence). This rule

applies with particular force when the opinion in question is from a treating physician because, under the Commissioner's regulations in place at the time of the ALJ's decision, a treating's physician's opinion is entitled to controlling weight "if it is well supported by medical findings and not inconsistent with other substantial evidence." *Rosa v. Callahan*, 168 F.3d 72, 78-79 (2d Cir. 1999). The ALJ "must comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (internal quotation omitted and alteration in original).

In this case, the ALJ did not acknowledge or discuss Dr. Rana's opinion at all. This was plainly inconsistent with the regulatory requirements, whether Dr. Rana was considered a treating physician or not. Indeed, the Commissioner acknowledges that "the ALJ should have expressly discussed and weighed Dr. Rana's assessment," (Docket No. 16-1 at 24), but argues that the error was harmless. The Court disagrees. The Commissioner essentially contends that this Court may assume that the ALJ considered Dr. Rana's opinion but ultimately concluded that it was inconsistent with the other substantial evidence of record. However, nothing in the record supports that conclusion - the ALJ makes no mention whatsoever of Dr. Rana's opinion, and so the Court is unable to conclude that it was given appropriate consideration. This is not a case in which the ALJ acknowledged and discussed the contents of a medical source opinion and merely neglected to expressly assign a weight, in which case the Court might be able to

6

ascertain the ALJ's overall assessment of the evidence. Nor is it a case in which the ALJ neglected to discuss a redundant opinion from a consultative or reviewing physician. To the contrary, Dr. Rana's opinion was the only opinion in the record from a treating physician, and yet the ALJ did not even mention it in his opinion. The Court cannot find this error harmless, nor can it adopt a *post hoc* rationalization for the ALJ's action. Remand of this matter for proper consideration of the opinion evidence of record is therefore necessary.

### C. The ALJ's Step Two Analysis was Flawed

Plaintiff also argues that the ALJ erred at step two in finding that her PTSD, OCD, and obesity were non-severe impairments. The Court agrees with Plaintiff that the ALJ erred at step two.

A "severe" impairment is "one that significantly limits a claimants ability to perform basic work activities," such as "walking, standing, sitting, lifting, [etc.], [c]apacities for seeing, hearing, and speaking, and [u]nderstanding, carrying out, and remembering simple instructions." *Faison v. Berryhill*, 2017 WL 3381055, at *2 (W.D.N.Y. Aug. 5, 2017) (internal quotations and citations omitted). "The Second Circuit has held that step two's 'severity' requirement is *de minimis*, meant only to screen out the weakest of claims." *Id.* (citing *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995)).

In this case, considering first the issue of Plaintiff's obesity, the Court finds that the ALJ's conclusion that this

7

condition constituted a non-severe impairment is unsupported by substantial evidence. The ALJ's sole explanation for his conclusion that Plaintiff's obesity was non-severe was the observation that Plaintiff, who is five feet, two and one-half inches tall, had lost weight, going from 299 pounds to 226 pounds. T. 20. However, as Plaintiff points out, at 226 pounds, she still had a body-mass index over 40, placing her in the most severe category of morbid obesity. The ALJ offered no explanation for how the fact that Plaintiff had lost some weight, yet remained morbidly obese, somehow established that her obesity was non-severe. Moreover, and as discussed above, Dr. Rana expressly opined that Plaintiff's morbid obesity limited her ability to perform work-related functions. The ALJ's failure to discuss or consider Dr. Rana's opinion therefore also rendered his analysis of Plaintiff's obesity flawed.

Turning to Plaintiff's PTSD and OCD, the ALJ concluded that these mental impairments were non-severe because they were not assessed by an acceptable medical source. T. 20. The ALJ appears to have confused the standard for determining whether a particular condition constitutes a medically determinable impairment with the standard for determining whether a medically determinable impairment is severe or non-severe. *See* Social Security Ruling ("SSR") 06-03P, 2006 WL 2329939 (August 9, 2006) (noting that only evidence from an acceptable medical source can establish the existence of a medically determinable impairment). The Court thus

will assume that the ALJ meant to conclude that Plaintiff's alleged PTSD and OCD were not medically determinable impairments.[2]

The ALJ was correct that no acceptable medical source diagnosed with PTSD and OCD. NP Gunn, Plaintiff's treating psychiatric nurse practitioner, does not constitute an acceptable medical source. *See Genier v. Astrue,* 298 F. App'x 105, 108 (2d Cir. 2008) (nurse practitioners are "other sources," not acceptable medical sources). Plaintiff argues that state agency reviewing physician Dr. Juan Echevarria diagnosed her with PTSD and OCD, but this is incorrect. A review of the record shows that Dr. Echevarria noted that Plaintiff alleged that she had PTSD and OCD, and that examining consultative psychologist Dr. Robert Hill had opined that she might have difficulties "caused by symptoms of" OCD and PTSD, but did not affirmatively diagnose Plaintiff with these conditions. T. 317.

However, and as the Commissioner acknowledges, Dr. Hill, an acceptable medical source who personally examined Plaintiff, assessed her with "rule out posttraumatic stress disorder by history in partial remission" and "rule out obsessive compulsive order." T. 298. These kind of "rule out" diagnoses are "possible diagnoses that [have] not been ruled out, pending further evaluation." *Jackson v. Berryhill*, 694 F. App'x 39, 41 (2d Cir.

---

[2] If the ALJ did indeed mean to find that Plaintiff's PTSD and OCD were non-severe, he failed to apply the appropriate legal standard for doing so. The applicable regulations require an ALJ assessing the severity of mental impairments such as PTSD and OCD to apply a "special technique" involving the assessment of the claimant's functioning in four specific areas. *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). The ALJ plainly did not do so here.

9

2017); *see also Rivera v. Colvin*, 2016 WL 5858931, at *4 (W.D.N.Y. Oct. 7, 2016) (a finding of "rule out mild mental retardation" meant that "such a diagnosis was possible and had not yet been ruled out"); *Santiago v. Colvin*, 2014 WL 718424, at *13 (S.D.N.Y. Feb. 25, 2014), *report and recommendation adopted*, 2014 WL 1092967 (S.D.N.Y. Mar. 17, 2014) ("In medicine, the phrase 'rule out' indicates a need to eliminate or exclude a diagnosis from consideration, but it does not constitute a diagnosis itself."). As such, while Dr. Hill's "rule out" diagnoses did not definitively establish that Plaintiff suffered from PTSD and OCD, they raised the possibility that she did, creating an obvious gap in the record requiring further investigation by the ALJ.

"[I]t is the well-established rule in our circuit that the social security ALJ, unlike a judge in a trial, must on behalf of all claimants ... affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation omitted). The existence of a "rule out" diagnosis may trigger the ALJ's duty to attempt to obtain additional information. *See Johnson v. Barnhart*, 312 F. Supp. 2d 415, 427 (W.D.N.Y. 2003) (ALJ did not fulfill duty to develop record where medical records indicated sleep apnea needed to be ruled out as a potential diagnosis and ALJ did not seek further information); *Rivera v. Barnhart*, 2002 WL 221591, at *2 (S.D.N.Y. Feb. 11, 2002) (ALJ erred at step two by not performing further investigation into whether

claimant suffered from mental retardation where one doctor diagnosed claimant with "r/o mental retardation").

In this case, the ALJ determined at step two that Plaintiff's alleged PTSD and OCD were not medically determinable impairments, without noting or discussing Dr. Echevarria's "rule out" diagnoses, and apparently without attempting to further develop the record as to the existence of these claimed conditions. This was error.

The Commissioner argues that, even if the ALJ made an error at step two, it was harmless, because the ALJ continued with the sequential analysis required by the regulations. However, having already determined that remand of this matter is necessary, the Court need not decide whether the ALJ's step two errors, standing alone, would require remand. On remand, the ALJ should ensure that the record is fully-developed and revisit the step two analysis.

D.   **The Court Declines to Reach the Remaining Arguments**

Plaintiff has also argued that the ALJ failed to properly assess the opinion of NP Gunn, failed to properly consider whether her past work as a telemarketer constituted substantial gainful activity and how that work was actually performed by Plaintiff, and found that Plaintiff was capable of performing medium work without substantial supporting evidence. Having determined that remand of this case is required for the reasons set forth above, the Court need not and does not reach these arguments. On remand, the ALJ is instructed to properly assess all the medical opinions of record and to perform a new RFC analysis in light of that assessment and the fully-developed record.

11

### V. Conclusion

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 12) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 16) is denied. In light of the fact that Plaintiff initially filed her application in 2012 (nearly six years ago), on remand, the Commissioner is instructed to consider Plaintiff's claims on an expedited basis, to be completed no later than October 31, 2018. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated: February 23, 2018
Rochester, New York.